ALBERT E. LEHMANN, Respondent, v. YETTEVE L. MACFARLAND, Defendant, and MAURICE FREEDMAN, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Ulster County, denying appellant's motion for summary judgment on the ground that issues of fact are present requiring a trial. Respondent brought the instant action against one Yetteve MacFarland and appellant for breach of a contract between respondent and MacFarland under which respondent had the right to extract fill from certain land, the legal title to which was in MacFarland, at five cents per cubic yard "for such length of time as a certain Interstate Route and/or South Albany Arterial Highway shall be under construction." Appellant urges that there is no legal basis for his being brought into the lawsuit since he was not a party to the contract nor was he the record owner of the property involved and respondent concedes this despite an averment in the complaint that he was an owner of the property. Instead he urges that appellant is liable as the result of some sort of legal relationship between appellant and MacFarland. This may well prove true, but it was incumbent upon respondent to allege the nature of this relationship and how appellant, because of the relationship, would be liable under the unambiguous contract (*Powers* v.

*Murray*, 6 A D 2d 828). There is no allegation in the complaint that appellant is an undisclosed principal or "beneficial" owner, the assertion being only that he is an owner, and in his amended bill of particulars respondent specifically asserts that he "does not claim that the agreement mentioned in the complaint was executed by the defendant, Yetteve MacFarland, as agent for the defendant, Maurice Freedman." Thus we can find presently advanced no legal theory which would sustain appellant's inclusion as a defendant in the lawsuit. Accordingly, the motion to dismiss should have been granted but respondent, if he is so advised, should have an opportunity to serve a new complaint. Order reversed, on the law and the facts, and complaint against appellant dismissed with leave to respondent, if so advised, to serve a new complaint, with costs to appellant. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.